OPINION AND ORDER
A Notice of Appeal was timely files, a briefing schedule was set on February 6, 2012. No briefs were files. The judgment of the Tribal Court is affirmed in accordance with the following.
Following a jury trial, on August 9, 2011, Defendant/Appellant Karl Eder was found guilty of Severe Physical Domestic Abuse and Kidnapping and sentenced to imprisonment of two years plus a $5000 fine. This appeal followed.
Mr. Eder contends that his conviction should be reversed because:
(1) the trial judge erred by allowing hearsay testimony on “physical evidence of possible injury from a doctor to an officer, which then prejudiced the jury”;
*320 (2) “no physical evidence of any kind was submitted by prosecution on alleged injuries on the victim, no physician was called to testify to any injury no medical report submitted, it was all hearsay testimony throughout the trial, again prejudiced the jury against the Defendant”;
(3) neither the alleged victim statements nor the police report included any reference to events occurring in the home of Randolph “Rudy” Martell in Fort Kipp; the alleged victim testified that the alleged offense began in the Martell home, written statements denying this were attached to the appeal documents.
Fort Peck Tribes’ Comprehensive Code of Justice Title VII, provides in relevant part:
Sec. 244. Severe physical domestic abuse.
Any person who intentionally causes bodily injury of any kind to a family member or household member commits the offense of severe physical domestic abuse.... By evidence admissible to the Fort Peek Tribal Court, the impact on the victim of domestic abuse of any cuts, bruises or scrapes, any broken bones, internal hemorrhaging of any kind ... shall be considered clear evidence of severe physical domestic abuse.
Sec. 210. Kidnapping.
(1) Any person who by force, threat or deception:
.... (b) confines another for a significant period against his/her will is guilty of kidnapping.
The weight of the evidence supported the conviction. We do not need to address Appellant’s argument concerning whether or not Tribal Police Officer William Black Dog’s testimony was inadmissible hearsay because other independent evidence supported the jury’s verdict of guilty of severe physical and domestic abuse. Nor is it correct that the judgment should be reversed for lack of physical evidence. Again, the alleged victim’s testimony was adequate for the jury to determine the elements of the offense had been proved. The alleged victim in this case, Roberta Not Afraid Burshia, testified in great detail as to the allegations against Appellant Eder, both for Severe Physical Domestic abuse and Kidnapping. Officer Black Dog’s testimony supported her version of events as did the testimony of Michelle Youngman Wilsey and Sue Snikter. Finally, Defendant’s third point that he had no prior notice that the alleged victim would testify that the events began on the Martell home was not objected to during the trial and thus cannot be the basis of an appeal.
Therefore, IT IS HEREBY ORDERED, that the judgment of the Tribal trial Court is affirmed.